The former husband appeals from a ruling of the Circuit Court of Jefferson County in response to the wife's petition for rulenisi.
The trial judge found the husband to be in arrears on monthly mortgage payments he was required to make under a prior decree and ordered the husband to cure this deficiency. Although the husband was found not to be in contempt of court, the wife was also awarded attorney's fees. We affirm as to that part of the decree pertaining to the monthly mortgage payments but reverse the awarding of attorney's fees.
The record reveals that the husband and wife were divorced in 1970. The divorce decree incorporated an agreement of the parties wherein alimony was set. The agreement contained a provision requiring the husband to continue making the mortgage payments on their home even though the wife would have sole right of possession. However, the agreement further called for a sale of the property upon the remarriage of the wife and an equal division of the proceeds from this sale.
The husband complied with the terms of this decree until early 1978 when he became physically disabled. There then ensued a series of disagreements, court proceedings, and modifications of the original decree culminating in this appeal.
It is not necessary to set out the events in detail. Suffice it to say that on October 2, 1978, after a hearing, but apparently by agreement of the parties, the trial court modified the prior decrees. The October decree divested the husband of his half interest in the home. Even though full title was then vested in the wife, the husband was to continue to make the mortgage payments so long as he remained disabled, but this obligation was not to exceed fifty-four monthly payments. The basis for this provision was the fact that the husband's insurance carrier was meeting this obligation during his disability. The court also granted the husband relief from all alimony payments with the exception of the above referenced mortgage debt. Specifically, the decree in pertinent part is as follows:
 (1) . . . That the Defendant shall continue to pay the mortgage payments on said property as long as he remains disabled and shall be legally responsible therefor. But no longer than 54 monthly payments.
 (2) That Paragraph 1-E shall be modified that all alimony payments shall cease and the Defendant shall be relieved of all past, present or future payments except as set out in Paragraph (1).
No appeal was taken from this order.
The husband, alleging difficulty in collecting the insurance benefits, ceased making the mortgage payments and the wife, on November 16, 1978, filed a petition for rule nisi and for contempt of court. After oral hearing, the trial judge made the award that occasioned this appeal.
The husband first argues that the mortgage payments are alimony and contends that the October decree is contradictory in that it requires him to meet this obligation while at the same time terminating all alimony. We are urged to cure this alleged inconsistency by relieving the husband of this obligation. *Page 799 
We find this argument to be without merit even though we agree the payments in this instance represent periodic alimony.See, Smith v. Smith, Ala.Civ.App., 365 So.2d 88 (1978); McGuginv. McGugin, Ala.Civ. App., 357 So.2d 347 (1978). In fact, the husband on appeal does not contend the payments are other than periodic alimony.
We find no inconsistency or ambiguity sufficient to merit reversal in the decree itself. In construing divorce decrees, the intent and purpose of the court as evidenced by the proceedings and decree itself must control. Martin v. Terrace, Ala., 366 So.2d 275 (1979). In this case, it is clear to this court that the learned trial judge was presented with evidence which he felt merited modification of the prior decree. In effectuating this intent, he relieved the husband of all alimony except the monthly mortgage payments. It follows that there was no error in enforcing this decree.
The husband also complains of the awarding of attorney's fees to the wife when the trial judge ruled he was not in contempt of court.
We agree that this constituted error. Under § 30-2-54, Code of Ala. 1975, attorney's fees may be awarded "in all actions for the recovery of alimony, maintenance or support in which . . . a contempt of court citation has been made by the court against either party. . . ."
Our cases construe this statute to mean that attorney's fees in enforcement proceedings may not be awarded when no contempt citation is made. Smith v. Smith, Ala.Civ.App., 365 So.2d 88
(1978); Jernigan v. Jernigan, Ala.Civ.App., 335 So.2d 178
(1976). Clearly, in the instant case the entire proceeding was one for contempt. As the trial judge expressly found the husband was not in contempt of court, that part of the decree awarding the wife attorney's fees is due to be reversed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur.