This case involves the propriety of an award to the wife of an attorney's fee in postdivorce proceedings.
The parties were divorced by a judgment of August 3, 1981. Among other matters, that decree approved an agreement of the parties whereby the wife was granted alimony, custody of their daughter who was five years old at that time, and child support of $170 biweekly.
In March 1982 the husband petitioned for the child's custody. He further sought to have the court correct a mutual mistake of the parties in regard to child support payments, alleging that the amount should have been established at $85, rather than $170, every two weeks.
By her answer, the wife acknowledged that the child support payments should have been $85 biweekly and generally denied the other allegations of the husband's petition. Additionally, by way of counterclaim, she sought a contempt citation against her former husband and a judgment for arrearages in child support and alimony. She further prayed for a modification of child support provisions and for attorney's fees. The husband filed a general denial.
An ore tenus hearing before the trial court was had on June 8 and 9, 1982. The final judgment denied the husband's petition to modify. The trial court ordered that custody of the daughter be restored to the wife, required that the husband pay $877 as delinquent alimony, established that child support payments of $90 be paid by the husband on the first and fifteenth of each month, and directed that the husband be restrained from any harassment of the wife. The judgment additionally provided:
"It is further
. . . .
 "ORDERED, ADJUDGED and DECREED that the Defendant having recovered back alimony, that as additional support to the Defendant the Plaintiff is ORDERED, ADJUDGED and DECREED to pay her attorneys fees incurred in this cause which shall be Three Thousand ($3,000.00) Dollars, for which let execution issue."
The husband duly appealed and complains of only one matter, the allowance of the attorney's fee to the wife.
As to unpaid alimony, "attorney's fees in enforcement proceedings may not be awarded when no contempt citation is made." Scott v. Scott, 375 So.2d 797 (Ala.Civ.App. 1979);Hartsfield v. Hartsfield, 384 So.2d 1097 (Ala.Civ.App.), cert.denied, 384 So.2d 1100 (Ala. 1980). Thus, any allowance of counsel fees concerning the recovery of back alimony is not allowable without an adjudication that the delinquent party is in contempt of court. Since no such finding of contempt was made here, no attorney's fee may be allowed to the wife which is based upon the recovery of the judgment for the past due alimony. We must reverse on that account.
However, an award of an attorney's fee is largely within the judicial discretion of the trial court in proceedings to modify the child custody provisions of a divorce judgment. Foster v.Foster, 409 So.2d 833 (Ala.Civ.App. 1981); Murphree v.Murphree, 366 So.2d 1132 (Ala.Civ.App. 1979). In the present case we cannot ascertain from the judgment whether any portion of the awarded fee pertained to the child custody issues of the proceedings. The trial court's only stated reason for granting the fee was the fact that the wife "recovered back alimony." It is not unusual for a judge or court to fail to specify each and every reason or justification for a particular finding or holding. As a matter of fact, usually no *Page 1336 
such ground or basis for the award of a fee is stated therein.
The learned trial court is in the most advantageous position to ascertain the value of the services of the wife's attorney for which a fee award may properly be made as to the child custody matter. It is discretionary with the trial court whether to grant such a fee for child custody services and, if allowed, the reasonable amount therefor is also largely a matter of judicial discretion. We reverse and remand this case to the trial court for the determination of such discretionary matters.
The foregoing opinion was prepared by Retired Circuit Judge Edward N. Scruggs while serving on active duty status as a judge of this court under the provisions of section 12-18-10
(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.