THIGPEN, Judge.
This case involves post-divorce proceedings.
After approximately forty years of marriage, the parties divorced in 1988. Following numerous attempts by the wife to clarify what she perceived to be an ambiguity in the wording of an award in the divorce decree, the wife filed a petition in March 1990, requesting that the husband be cited for contempt for failure to comply with certain terms of the divorce decree. After a hearing, the trial court issued an order specifying the wife’s award without finding the husband in contempt, and awarded to the wife an attorney’s fee from the husband for this action. The husband appeals.
On appeal, the husband raises two issues. First, he challenges whether the trial court erred in awarding an attorney’s fee to the wife from the husband where the husband was not found to be in contempt. Next, he contends that the trial court abused its discretion by increasing the alimony award to be paid from the husband’s survivor annuity.
The original divorce decree was entered in August 1988, and an amended decree was entered in November 1988. The amended decree was necessary due to some problems with the first that were brought to the attention of the trial court by post-trial motions filed by the husband and by the wife. The November 1988, decree established a Qualified Domestic Relations Order that awarded the wife a percentage of the survivor’s benefit under the husband’s retirement program.
We turn first to the ruling concerning contempt. The wife alleged the husband had failed to complete the necessary paperwork for her to secure the 30% survivor annuity awarded to her in the amended divorce order. It is her position that this failure on the part of the husband placed him in contempt of the trial court’s order. The trial court states in the final order following a hearing on this issue that “any action so directed against [the husband] would not be recognized.” Hence, the trial court did not enter a finding of contempt.
The husband contends that it was an abuse of discretion for the trial court to award an attorney’s fee to the wife’s attorney because there was no finding of contempt. We are mindful that it is always within the sound discretion of the trial *100 court to award an attorney’s fee in a divorce matter. Bell v. Bell, 443 So.2d 1258 (Ala.Civ.App.1983). Ala.Code, 1975, § 30-2-54, provides for the award of attorneys’ fees “[i]n all actions for divorce or for the recovery of alimony, maintenance or support in which ... a contempt of court citation has been made by the court against either party_” Attorney’s fees in enforcement proceedings may not be awarded when no contempt citation is made. Scott v. Scott, 375 So.2d 797 (Ala.Civ.App.1979). There being no finding of contempt against the husband in this case, the award of an attorney’s fee to the wife was in error and must be reversed.
The husband next contends that the trial court abused its discretion by increasing the alimony award to be paid from the husband’s survivor annuity by re-interpreting the meaning of the 30% award in the divorce decree. He correctly asserts that the wife did not file a petition seeking to modify the divorce decree by increasing the alimony award. He also asserts that there has been no showing of a material change in circumstances warranting the increase in alimony. While we agree with his propositions of law, our careful and thorough review of the record does not reveal that such a modification occurred.
The November 1988, decree awarded to the wife 30% of the maximum rate survivor annuity. It appears that the confusion may have arisen because of the husband’s choice of an election for the beneficiaries to receive 55% of the maximum annuity amount. The order currently being challenged clearly sets out a hypothetical mathematical computation clarifying the award. That computation indicates that the former wife, who is the primary beneficiary and appellee here, is to receive 55% of the husband’s 55% election, which equals 30% of the total amount. As such, no modification increasing the alimony award occurred and the husband’s contentions are without merit.
The wife's request for an attorney’s fee for representation in this appeal is denied.
This case is affirmed m part and reversed and remanded in part for entry of an order in accordance with this opinion.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
ROBERTSON, P.J., and RUSSELL, J„ concur.