Gus Kanellis and Maria Kanellis appeal from summary judgments entered by the Jefferson Circuit Court in favor of their automobile insurer, Pacific Indemnity Company ("Pacific"), on a breach-of-contract claim and in favor of Cobbs, Allen, and Hall, Inc. ("CAH"), and Kyle Chambers on a claim asserting negligent failure to procure insurance, claims stemming from Pacific's refusal to compensate the Kanellises with respect to their automobile's diminution in value allegedly resulting from an automobile collision involving that automobile. We affirm.
The Kanellises sued Pacific in April 2003, alleging that Pacific had issued a policy of insurance providing coverage for damage to the Kanellises' 2001-model Porsche 911 automobile that had been damaged in an automobile collision on May 30, 2002; according to the Kanellises' complaint, the Porsche automobile was "not . . . repaired [to] a substantially satisfactory condition" and had lost more than one-third of its value. The Kanellises claimed to have suffered a loss of $35,000. Pacific answered the complaint and moved for a judgment on the pleadings (see Rule 12(c), Ala. R. Civ. P.) on the authority ofPritchett v. State Farm Mutual Automobile Insurance Co.,834 So.2d 785 (Ala.Civ.App. 2002), which stands for the proposition that where an insurance policy provides that the insurer will pay to "`repair the damaged [automobile] or part, or replace the [automobile] or part,'" the insurer is "not required to compensate its insured for any possible difference between the value of the insured automobile before the collision and the value of that automobile after the damage caused by the collision has been repaired." 834 So.2d at 795. Although the trial court denied the Rule 12(c) motion, Pacific renewed its arguments in a subsequent motion for a summary judgment (see Rule 56, Ala. R. Civ. P.); that motion was supported by (a) the affidavit of a casualty examiner who was familiar with the Kanellises' insurance claim and (b) a copy of the pertinent insurance policy. The Kanellises filed a response in opposition to Pacific's summary-judgment motion, relying upon an affidavit of Gus Kanellis and a repair statement prepared by the automobile-body shop that had repaired the Porsche automobile, documents that were already on file with the trial court.
After the trial court held a hearing on Pacific's summary-judgment motion, it entered an order on August 25, 2003, deferring its ruling on that motion until September 26, 2003; the trial court also permitted the Kanellises to add the automobile-body shop as an additional defendant on or before that date. However, on September 26, 2003, the Kanellises amended their complaint not to add the body shop as a party, or to state any new claims against Pacific, but to add *Page 151 
claims against CAH and Chambers. The Kanellises asserted that CAH and Chambers had fraudulently represented that the Kanellises would have "full coverage" on their Porsche automobile and that CAH and Chambers had breached a duty to select an insurance policy that "would fully comply with their needs," including "coverage for . . . depreciation."
On December 3, 2003, the trial court entered an order granting Pacific's summary-judgment motion; however, because of the pendency of the Kanellises' claims against CAH and Chambers, that order was not a final judgment. See Rule 54(b), Ala. R. Civ. P. CAH and Chambers then filed a motion to dismiss the Kanellises' claims against them, contending that the negligence claim was barred by the applicable statute of limitations and by the doctrine of contributory negligence and that the fraud claim was barred because of an absence of reasonable reliance. CAH and Chambers attached a copy of the insurance policy to their motion to dismiss. The Kanellises filed a response in opposition to the motion.
On February 25, 2004, the trial court entered an order indicating that it had treated the motion filed by CAH and Chambers as a summary-judgment motion; that court concluded that the claims asserted against CAH and Chambers by the Kanellises were barred by the statute of limitations. The trial court, in pertinent part, opined in its judgment that two Alabama Supreme Court opinions pertaining to the accrual of a negligent-procurement cause of action (Hickox v. Stover,551 So.2d 259 (Ala. 1989), and Bush v. Ford Life Insurance Co.,682 So.2d 46 (Ala. 1996)) were "no longer good law" in light ofForemost Insurance Co. v. Parham, 693 So.2d 409 (Ala. 1997). The trial court reasoned that because the Kanellises had been issued their insurance policy in June 2001, but had failed to assert their claims against CAH and Chambers until September 2003, those claims were barred by Ala. Code 1975, § 6-2-38(l) because, the court determined, the "relation-back" doctrine of Rule 15(c), Ala. R. Civ. P., did not apply. The Kanellises filed a post-judgment motion, which was denied, and the Kanellises appealed to this court.
We are first confronted with the question of what standard of review should apply to the orders under review. Although Pacific sought a summary judgment, CAH and Chambers sought dismissal of the Kanellises' claims. Because the sole matter attached to the motion filed by CAH and Chambers was "`an indisputably authentic copy'" of the Kanellises' policy, which was referred to in the Kanellises' amended complaint and was "`central to [their] claim,'" Wilson v. First Union National Bank of Georgia,716 So.2d 722, 726 (Ala.Civ.App. 1998), the trial court, had it elected to do so, could have chosen not to convert the motion filed by CAH and Chambers to a summary-judgment motion. However, the correctness of the trial court's decision to convert the motion filed by CAH and Chambers to a summary-judgment motion has not been raised as an issue on appeal (compare Banks, Finley,White Co. v. Wright, 864 So.2d 324, 327-33 (Ala.Civ.App. 2001), cert. denied, 864 So.2d 333 (Ala. 2003)), and we therefore adhere to the trial court's treatment of both of its orders as granting summary-judgment motions. Thus, the following principles apply:
 "[O]n appeal from a summary judgment a reviewing court looks to whether the appellant has `demonstrated any "genuine issue as to any material fact"' so as to prevent the appellee `from being "entitled to a judgment as a matter of law."' Sessions v. Nonnenmann, 842 So.2d 649, 654 (Ala. 2002) (quoting Rule *Page 152 
56(c)(3), Ala. R. Civ. P.). It is also well established that a summary judgment is not presumed to be correct; rather, our review of such a judgment is de novo. E.g., Hipps v. Lauderdale County Bd. of Educ., 631 So.2d 1023, 1025 (Ala.Civ.App. 1993).
 ". . . [I]n the context of deciding a summary-judgment motion, `the substantive law of the case must be utilized . . . in determining whether there are critical facts to be determined,' that is, `disputed facts that could affect the decision' of the trier of fact."
Alpine Assoc. Indus. Servs., Inc. v. Smitherman, 897 So.2d 391,395-96 (Ala.Civ.App. 2004).
We first consider the propriety of the summary judgment in favor of Pacific. The Pacific insurance policy issued to the Kanellises provides, in pertinent part, that Pacific, if the insured vehicle is "partially damaged, . . . will pay the amount required to repair or replace, whichever is less, the damaged part(s) without deduction for depreciation, up to the amount of coverage . . . with labor and parts of like kind and quality" (emphasis added).[1] That provision is substantially similar to the "repair" or "replace" clause construed inPritchett so as not to require payment of compensation for any difference between the value of the insured automobile before the loss and after the repairs. In addition, the Pacific policy provides that (a) an independent appraiser may be selected if Pacific and its insureds cannot agree upon the amount of a loss, and (b) if property damage may be covered under the policy, the insureds must prepare an inventory of damaged personal property that includes the actual amount of the loss and must attach bills, receipts, and other supporting documents.
According to the affidavit of Pacific's casualty examiner, the Kanellises' Porsche automobile was involved in a collision on May 30, 2002. Following the collision and the Kanellises' assertion of a claim under the Pacific policy, an independent appraiser was retained to estimate the cost of repairing the Porsche. Subsequently, that appraiser, the Kanellises' chosen automobile-body shop, and Gus Kanellis agreed on the costs of the repair (approximately $34,000); the body shop then performed repairs on the Porsche using parts manufactured by the maker of the automobile, and Pacific paid the repair costs minus a $500 policy deductible. According to Gus Kanellis's affidavit, despite the body shop's repair work, the automobile did not "handle or operate" in the same manner as it had before the collision. However, there is no indication in the record that the Kanellises, or either of them, ever prepared a supplemental inventory of needed parts or repairs or otherwise informed Pacific that further repairs to the Porsche were needed in order to "return [it] to substantially the same physical and operating condition as it occupied before the collision that caused the damage." Pritchett, 834 So.2d at 795. Rather, the Kanellises unilaterally elected to exchange the vehicle in order to obtain "a new high performance sports car."
In order for the Kanellises' breach-of-contract claim against Pacific to have withstood Pacific's summary-judgment motion, it would have been necessary for the Kanellises to adduce substantial evidence indicating that Pacific had failed to perform its contractual duty to pay to "repair" the Porsche and had thereby breached the *Page 153 
insurance contract. No such evidence was adduced. Therefore, we conclude that the summary judgment in favor of Pacific was correct.
We turn next to the summary judgment in favor of CAH and Chambers. On appeal, the Kanellises, in challenging the correctness of the summary judgment in favor of those defendants as to their claim of negligent failure to procure insurance,[2] contend that the trial court erred in concluding that their claims were time-barred. We agree. InHickox v. Stover, 551 So.2d 259, the Alabama Supreme Court expressly overruled two cases, Langley v. Mutual Fire, Marine Inland Insurance Co., 512 So.2d 752 (Ala. 1987), and Armstrongv. Life Insurance Co. of Virginia, 454 So.2d 1377 (Ala. 1984), "to the extent that those cases h[e]ld that claims for negligence against an insurance agent for failure to procure adequate insurance accrue as of the date the insurance company provides a policy that fails to meet the plaintiffs' expectations."551 So.2d at 264. Instead, drawing an analogy to its holding inWeninegar v. S.S. Steele Co., 477 So.2d 949 (Ala. 1985), concerning the accrual of a claim involving negligent lapse of a policy, the Supreme Court concluded in Hickox that "an action [alleging negligent procurement of insurance] accrues when theloss occurs." Id. (emphasis added). The Supreme Court adhered to that holding in Bush v. Ford Life Insurance Co.,682 So.2d 46, in concluding that a negligent-procurement cause of action asserted by a beneficiary under a policy of credit-life insurance did not accrue, for purposes of the statute of limitations, until the insurer's refusal to honor the beneficiary's claim.
Applying the principles of Hickox and Bush to this case, we conclude that although the Pacific policy was issued to the Kanellises in June 2001, the "loss" that triggered the running of the pertinent two-year statute of limitations, Ala. Code 1975, §6-2-38(l), could have occurred no earlier than May 30, 2002, the date of the collision that damaged the Kanellises' Porsche. Moreover, despite the trial court's opinion and the contentions of Chambers and CAH to the contrary, the holding of ForemostInsurance Co. v. Parham, 693 So.2d 409, does not compel a different conclusion as to the accrual issue. Although the Alabama Supreme Court in Foremost did overrule a portion ofHickox pertaining to the substantive law of fraud (specifically, the legal standard under which the propriety of a party's reliance should be judged), a close reading of Foremost
reveals that the Alabama Supreme Court did not overrule the holding of Hickox as to the issue of the accrual of a negligent-procurement claim:
 "After careful consideration, we conclude that the `justifiable reliance' standard adopted in Hickox, which eliminated the general duty on the part of a person to read the documents received in connection with a particular transaction (consumer or commercial), should be replaced with the `reasonable reliance' standard most closely associated with Torres v. State Farm Fire Casualty Co., 438 So.2d 757 (Ala. 1983). The `reasonable reliance' standard is, in our view, a more practicable standard that will allow the fact-finder greater flexibility in determining the issue of reliance based on all of the circumstances surrounding a transaction, including the mental capacity, educational background, *Page 154 
relative sophistication, and bargaining power of the parties. . . .
 "For the foregoing reasons, we overrule Hickox, to the extent that it changed the law of fraud as it had existed prior thereto."
693 So.2d at 421 (emphasis added).
Not only did the Supreme Court in Foremost expressly limit the scope of its overruling of Hickox, that court also made no negative reference in Foremost to Bush (which had been decided just eight months earlier). If the pertinent holdings ofHickox and Bush are to be overruled, it is for the Supreme Court, and not this court, to do so; as an intermediate appellate court, we are bound by those holdings, as was the trial court. Thus, we cannot affirm the judgment of the trial court in favor of CAH and Chambers on the rationale stated by the trial court.
However, it is well settled that any valid legal ground presented by the record, regardless of whether that ground was considered or rejected by the trial court, will support an affirmance of a trial court's judgment. E.g., Liberty Nat'l LifeIns. Co. v. University of Alabama Health Servs. Found., P.C.,881 So.2d 1013, 1020 (Ala. 2003). CAH and Chambers asserted in the trial court, and contend also on appeal, that Foremost
compels a judgment in their favor on the substantive merits of the Kanellises' negligence claim against them because of that opinion's espousal of a general "duty to read" contractual documents.[3] Specifically, CAH and Chambers assert that had the Kanellises read their policy, they would have been placed on notice that the Pacific policy procured for them by CAH and Chambers did not provide coverage for diminution in value resulting from a covered loss. Therefore, argue CAH and Chambers, the Kanellises' failure to discover that the Pacific policy did not provide coverage for consequential diminution in their Porsche's value resulting from a covered collision amounts to contributory negligence as a matter of law.
We agree with CAH and Chambers. Foremost describes Hickox
as having altered the law so as to "eliminate the general duty on the part of a person to read the documents received in connection with a particular transaction." Foremost,693 So.2d at 421. As Foremost indicates, the abrogation of that general duty in Hickox was a "deviat[ion] from this State's public policy" (id.); moreover, that abrogation undercut the legal basis for the presumption that "a person receiving a written instrument in the transaction of business, as, for example, the . . . recipient of an insurance policy, is acquainted with its contents." 31A C.J.S. Evidence § 192 (1996) (footnotes omitted); see also Hartford Fire Ins. Co. v. Shapiro,270 Ala. 149, 155, 117 So.2d 348, 354 (1960) (if an insurance policy is accepted by the insured, the insured is bound thereby despite divergence from preliminary negotiations, because "an insured is presumed to be familiar with the provisions of his policy"). Post-Foremost, it is again the law that "[a]n insured who is competent in intelligence and background to understand insurance policy language is charged with knowledge of language in a policy received by that insured." Allstate Ins. Co. v. Ware,824 So.2d 739, 745 (Ala. 2002).
In this case, the Kanellises were issued a policy of insurance by Pacific that provided that Pacific's sole duty, in the event of a collision that caused the Kanellises' Porsche automobile to be "partially damaged," *Page 155 
was to "pay the amount required to repair or replace, whichever is less, the damaged part(s) without deduction for depreciation, up to the amount of coverage." Although the policy that Pacific issued to the Kanellises states that the Porsche automobile had an "agreed value" of $121,000, that amount simply represented the "amount of coverage," i.e., the ceiling of Pacific's potential liability, under the policy. There is no language in the Pacific policy that would tend to indicate that Pacific would pay the Kanellises a separate benefit to compensate them for any depreciation in the value of the Porsche that might result from a collision, and a review of the policy would have revealed that no such depreciation coverage was afforded thereunder. Moreover, the Kanellises adduced no evidence that would tend to indicate that they were anything less than "competent in intelligence and background to understand insurance policy language." AllstateIns. Co., 824 So.2d at 745.
Like any negligence claim, a claim in tort alleging a negligent failure of an insurance agent to fulfill a voluntary undertaking to procure insurance, such as that asserted by the Kanellises in this case, requires demonstration of the classic elements of a negligence theory, i.e., "(1) duty, (2) breach of duty, (3) proximate cause, and (4) injury." Albert v. Hsu, 602 So.2d 895,897 (Ala. 1992). Under Alabama law, however, contributory negligence is a complete defense to a claim based on negligence.Mitchell v. Torrence Cablevision USA, Inc., 806 So.2d 1254,1257 (Ala.Civ.App. 2000). We agree with CAH and Chambers that in light of the clear language of the Pacific policy issued to the Kanellises, the record is susceptible only to the conclusion that, as a matter of law, the Kanellises "`put [themselves] in danger's way'" and had a "`conscious appreciation of the danger'" of suffering a monetary loss in the event of a collision involving the Porsche automobile resulting in a diminution of the value of the Porsche. See Hannah v. Gregg, Bland Berry, Inc.,840 So.2d 839, 860 (Ala. 2002).
The summary judgments in favor of Pacific, CAH, and Chambers are due to be affirmed.
AFFIRMED.
CRAWLEY, P.J., and THOMPSON, J., concur.
MURDOCK and BRYAN, JJ., concur in the result, without writing.
[1] Because the policy's coverage summary indicated an "agreed value" for the Porsche automobile of $121,000, that amount represented the "amount of coverage" for the Porsche.
[2] The Kanellises have not asserted error with respect to the trial court's disposition of their fraud claim against CAH and Chambers.
[3] We note that the Kanellises did not respond to that alternative argument in favor of affirmance by filing a reply brief.