THOMPSON, Presiding Judge.
Christy Lee Payne Robbins (“the mother”) appeals from a judgment of the Montgomery Circuit Court that, among other things, awarded Christopher Mark Payne (“the father”) an attorney fee of $4,500. For the reasons set forth herein, we reverse the award of the attorney fee and remand the cause for the entry of a judgment consistent with this opinion.
The parties were married in 1989. Two children were born of the marriage. The parties were divorced by a judgment of the trial court on December 30, 2005. As subsequently amended, the divorce judgment awarded the parties joint legal custody of the children, awarded the father primary physical custody of the children, and awarded the mother visitation with the children, including a two-month period of visitation with the children over the summer. The divorce judgment required each party to pay one-half of all medical and dental expenses of the children not covered by insurance. The judgment awarded the father child support of $1,385 monthly.
In December 2008, the mother filed a petition to temporarily suspend her child-support obligation and to modify her child-support obligation. She asserted that she had lost her job, and she sought an immediate suspension of her child-support obligation so that she would not be held in contempt of court for failure to pay child support and so that a child-support arrear-age would not accrue. She stated that she was actively attempting to secure new employment. On January 22, 2009, the mother filed a suggestion of bankruptcy with the trial court.
On April 10, 2009, the trial court entered a judgment granting the mother’s petition to modify her child-support obligation. The court noted that the mother had obtained new employment but was earning substantially less than she had been earning at her former employment. The trial court ordered the mother to pay monthly child support of $365.
On April 22, 2010, the father filed a petition to modify the mother’s child-support obligation, asserting that there had been a material change in circumstances warranting an increase in child support. As part of his action, the father sought an award of an attorney fee. On July 28, 2010, the trial court held a bench trial on the father’s petition. At the hearing, evidence was presented indicating that the mother’s income had increased substantially since the entry of the April 10, 2009, judgment. Evidence was also presented relative to the father’s attorney-fee request, as was evidence indicating that the mother had not reimbursed the father for certain of the children’s expenses for which she bore half of the financial responsibility.
On October 7, 2010, the trial court entered a judgment in which it found that the mother’s income had increased to $4,002.39 per month, which was slightly more than the father’s monthly income. The trial court increased the mother’s child-support obligation to $722 monthly, retroactive to the filing of the father’s petition. The trial court also ordered the mother to reimburse the father $2,443.48, representing one-half of medical and extracurricular expenses the father had incurred on behalf of the children in 2008, *138 2009, and 2010. With regard to the father’s request for an attorney fee, the trial court wrote:
“The [father] testified that in pursuing this matter he has incurred attorney fees and expenses totaling $3,609.88, and requests that the [mother] be ordered to reimburse him for these fees/expenses. In support of his request, the [father] testified that prior to the filing of this action, he, through counsel, requested that the [mother] voluntarily produce a copy of her 2009 tax filings so that he could determine whether an increase in child support may be warranted. The [mother], through counsel, refused to do so. The tax filings were only produced after the filing of this action and pursuant to a formal discovery request submitted to the [mother] by the [father’s counsel. The Court takes particular note of the fact that in refusing to voluntarily produce the tax filings, in an email dated April 22, 2010, counsel for the [mother] represented that: ‘... my client’s income has remained relatively static in 2009; there have been a few commission checks on top of the draws, but nothing very significant.’ While the [mother] is under no legal obligation to voluntarily produce her tax filings, her failure/refusal to comply with this request resulted in increased attorney fees and expenses to the [father].”
The trial court awarded the father an attorney fee of $3,609.88.
Both parties filed motions to alter, amend, or vacate the trial court’s judgment. Among other things, the mother argued that the father had failed to present evidence supporting his request for an attorney fee and that the trial court had considered certain evidence it should not have in awarding the attorney fee. In his postjudgment motion, the father argued that the trial court had not increased the mother’s child-support obligation sufficiently.
On January 6, 2011, the father filed a response to the mother’s postjudgment motion, which included a motion to show cause, requesting that the trial court hold the mother in contempt of court for failing to pay the attorney fee and her share of the children’s expenses within 90 days of the date of the entry of the judgment, as had been required by the judgment. The father sought an additional award of an attorney fee and expenses incurred in pursuing his show-cause motion.
On January 31, 2011, the trial court entered a judgment disposing of the post-judgment motions in which, among other things, it set the mother’s child-support obligation at $601.02 per month, to be paid 12 months of the year, and denied the father’s motion to hold the mother in contempt of court. As to the award of an attorney fee and costs to the father, the trial court wrote:
“The [mother] requests that this Court vacate the award of attorney fees to the [father] on a variety of grounds. The Court notes that it has the authority to grant an award of fees on the modification petition filed by the [father], and further notes that all relevant factors set out by law for making the award were considered. The Court finds that an award of attorney fees/costs is appropriate in this case.
[[Image here]]
“4. The prior award of attorney fees to the [father] is hereby vacated. The [father] is hereby awarded the sum of $4,500 as attorney fees/costs incurred in pursuit of the original modification petition and his postjudgment show cause motion.”
The mother appeals.
On appeal, the mother contends that, in awarding an attorney fee, the trial court *139 improperly considered electronic-mail (“email”) communications between the parties’ attorneys that occurred before the father filed his modification petition. She argues that those communications constituted “some sort of settlement discussions and/or negotiations and would have never been appropriate for the trial court to consider.”
The e-mail communications the father offered into evidence at the trial appear to involve the father’s attorney’s attempt to obtain the mother’s tax returns in order to determine whether the father should file a petition to increase the mother’s child-support obligation.[1] The father offered those communications into evidence as part of his request for an attorney fee. The mother’s attorney, although initially objecting to the admission of the e-mail communications, withdrew his objection, stating: ‘You know, your Honor, I do not think I object to any of it now. It clearly states what our position is and it actually shows my client in a much more favorable light than [the father’s attorney], so no objection, your Honor.” Because the mother withdrew her objection to the admission of the e-mail communications between her attorney and the father’s attorney, she cannot now complain of error on the part of the trial court in having considered those communications in reaching its judgment. See Johnson v. L.O., 42 So.3d 759, 762 (Ala.Civ.App.2010) (“Generally speaking, in order to preserve for appellate review an issue regarding an error in the admission of evidence, an appellant must have made a timely and specific objection to the evidence at trial.”).
Moreover, it does not appear to us that the trial court gave the e-mail communications undue weight in deciding the father’s request for an attorney fee. Although, in its October 7, 2010, judgment, the trial court discussed the e-mail communications between the parties’ attorneys, the trial court acknowledged that at the time of the communications the mother had not been under a legal obligation to voluntarily produce her tax returns. It appears that the reason the trial court addressed the e-mail communications was to point out that, had the mother provided the tax returns as requested, the father would have been spared some of the attorney fee and expenses he was required to incur in filing his petition and seeking the tax returns through a formal discovery request. It does not appear that the trial court based its determination of whether to award an attorney fee to the father on those communications.
The mother next contends that, based on the factors a trial court should consider in determining whether to award an attorney fee, the trial court should not have awarded an attorney fee to the father in this case.
“Attorney’s fees are ordinarily available in child support modification proceedings with the trial court having a discretion to exercise regarding the award and amount of such a fee.” Taylor v. Taylor, 486 So.2d 1294, 1297 (Ala.Civ.App.1986).
“Whether to award an attorney fee in a domestic relations case is within the sound discretion of the trial court and, absent an abuse of that discretion, its ruling on that question will not be reversed. Thompson v. Thompson, 650 So.2d 928 (Ala.Civ.App.1994). ‘Factors to be considered by the trial court when awarding such fees include the financial *140 circumstances of the parties, the parties’ conduct, the results of the litigation, and, where appropriate, the trial court’s knowledge and experience as to the value of the services performed by the attorney.’ Figures v. Figures, 624 So.2d 188, 191 (Ala.Civ.App.1993). Additionally, a trial court is presumed to have knowledge from which it may set a reasonable attorney fee even when there is no evidence as to the reasonableness of the attorney fee. Taylor v. Taylor, 486 So.2d 1294 (Ala.Civ.App.1986).”
Glover v. Glover, 678 So.2d 174, 176 (Ala.Civ.App.1996).
The mother argues that an award of an attorney fee to the father in this case was improper because she was struggling financially while the father was not, as demonstrated by the fact that she had filed bankruptcy and by the fact that the father was able to engage in extensive travel while she was not. She argues that there was no evidence indicating that the father was unable to pay his own attorney fee or that she had the ability to pay his attorney fee. She also argues that she did not engage in any misconduct so as to justify an award of an attorney fee to the father. She argues that the time involved in the preparation of the case “could only have been minimal” and that there was no evidence introduced bearing on the experience of the father’s counsel and the value of the services he rendered to the father. The mother also argues that the trial court improperly based its attorney-fee award in part on the father’s show-cause motion, despite having denied that motion.
We have reviewed the record, and we conclude that the trial court did not exceed its discretion in awarding an attorney fee to the father relative to the father’s modification petition. Many of the factors the trial court was to consider weigh in favor of the trial court’s decision to award a fee. For example, the results of the litigation related to the modification petition clearly favored the father; indeed, based on the father’s petition, the trial court almost doubled the amount of the mother’s child-support obligation. Furthermore, there was evidence indicating that the mother had failed or refused to pay her half of a substantial amount of expenses the father had incurred on behalf of the children and that the father was required to seek relief from the trial court in order to obtain reimbursement from her. The trial court also could have concluded, relying on its own knowledge and experience, that the value of the services rendered by the father’s attorney were such as to warrant an attorney-fee award to the father. Finally, the father testified that his current monthly expenses were causing him to incur increasing credit-card debt. Thus, we cannot say that the trial court erred in deciding to award an attorney fee to the father relative to his modification petition.
However, we agree with the mother that the trial court was not permitted to award an attorney fee to the father on the basis of the father’s .contempt motion. In Deines v. Deines, 424 So.2d 1334 (Ala.Civ.App.1983), which involved a postdivorce proceeding, the father in that case filed a petition seeking custody of the parties’ child. The mother in that case filed a counterclaim seeking to have the father held in contempt and requesting a judgment for arrearages of child support and alimony. The trial court, after an ore tenus hearing, denied the father’s petition, awarded the mother a judgment for delinquent alimony, and awarded the mother an attorney fee. The father appealed the attorney-fee award.
On appeal, this court reversed the trial court’s award of an attorney fee to the mother, writing:
*141 “As to unpaid alimony, ‘attorney’s fees in enforcement proceedings may not be awarded when no contempt citation is made.’ Scott v. Scott, 375 So.2d 797 (Ala.Civ.App.1979); Hartsfield v. Hartsfield, 384 So.2d 1097 (Ala.Civ.App.), cert. denied, 384 So.2d 1100 (Ala.1980). Thus, any allowance of counsel fees concerning the recovery of back alimony is not allowable without an adjudication that the delinquent party is in contempt of court. Since no such finding of contempt was made here, no attorney’s fee may be allowed to the [mother] which is based upon the recovery of the judgment for the past due alimony. We must reverse on that account.”
Deines, 424 So.2d at 1335. However, this court also noted that a trial court has the discretion to award an attorney fee in proceedings to modify a divorce judgment. Id. Because this court could not ascertain from the judgment whether any portion of the attorney-fee award pertained to the adjudication of the father’s modification petition, rather than solely to the mother’s contempt petition, we remanded the case to the trial court to determine whether and to what extent to award an attorney fee to the mother on the basis of the trial court’s adjudication of the modification petition. Id. at 1335-36. See also § 30-2-54, Ala. Code 1975 (providing for the award of an attorney fee “[i]n all actions for divorce or for the recovery of alimony, maintenance or support in which ... a contempt of court citation has been made by the court against either party”); Sosebee v. Sosebee, 896 So.2d 557, 564 (Ala.Civ.App.2004) (“We agree that § 30-2-54 precludes the award of an attorney fee to the petitioner in a contempt action when the trial court fails to make a finding of contempt against the defending party.”).
In the present case, the trial court’s January 31, 2011, judgment awarded the father “the sum of $4,500 as attorney fees/ costs incurred in pursuit of the original modification petition and his postjudgment show cause motion.” (Emphasis added.) However, the trial court, in that judgment, specifically denied the father’s show-cause motion. Because the trial court did not find the mother in contempt, the trial court was not permitted to award the father an attorney fee on the basis of the father’s show-cause motion.
As we have already stated, the trial court was within its discretion to award the father an attorney fee on the basis of his modification petition. However, there is no basis on which this court can discern the extent to which the attorney-fee award was based on the proceeding arising from that petition and the extent to which it was based, improperly, on the father’s pursuit of his show-cause motion. As a result, as in Deines, we must reverse the trial court’s award of an attorney fee to the father and remand the cause to the trial court for the entry of a new judgment that, to the extent it awards an attorney fee to the father, does not award that fee on the basis of the father’s show-cause motion.
REVERSED AND REMANDED.
PITTMAN, BRYAN, and THOMAS, JJ., concur.
MOORE, J., concurs in the result, without writing.

. The e-mail communications themselves, although admitted into evidence at the trial, have not been submitted to this court, either as part of the record or separately from the record.