Submitted on record and brief February 10, affirmed June 1, 2005

In the Matter of the Marriage of

Karen M. LANDIS,
*Respondent,*

*and*

James E. LANDIS,
*Appellant.*

DR0203154; A123666

113 P3d 456

Raymond S. Tindell filed the brief for appellant.

J. Gary McClain waived appearance for respondent.

Before Edmonds, Presiding Judge, and Wollheim* and Schuman, Judges.

SCHUMAN, J.

---

* Wollheim, J., *vice* Richardson, S. J.

**SCHUMAN, J.**

■■ Seven months after the trial court entered a judgment dissolving the parties' marriage, wife filed a motion to reopen the case based on her discovery that, in listing his assets, husband did not mention or account for a $16,687 lump sum payment he had received as a Veteran's Disability Benefit. The trial court allowed wife's motion to reopen the case and recalculated the division of property, counting husband's benefit payment as a marital asset. Husband appeals, arguing that, under federal law, the court had no authority to divide his disability benefits. We review *de novo*, ORS 19.415(3),[1] and affirm.

■ Husband does not argue on appeal that the trial court lacked authority to reopen the dissolution proceeding under ORS 107.452 (permitting reopening based on significant undiscovered assets) or that, if otherwise lawful, the court's modified disposition of assets was not "just and proper." ORS 107.105(1)(f). Rather, he bases his argument entirely on the theory that Oregon's statutory scheme for dividing marital property is preempted by the Uniform Services Former Spouses' Protection Act (USFSPA), 10 USC section 1408, as construed in *Mansell v. Mansell*, 490 US 581, 109 S Ct 2023, 104 L Ed 2d 675 (1989). In particular, he argues that the statute deprives states of the authority to consider military disability benefits as anything other than individual personal property of the veteran that cannot be reached in a property division under state domestic relations law. We disagree.

In *McCarty v. McCarty*, 453 US 210, 101 S Ct 2728, 69 L Ed 2d 589 (1981), the United States Supreme Court held that military retirement pay was not divisible according to state community property laws because such division would harm a clear and substantial federal interest in securing veterans' financial security. Recognizing the adverse implications of the decision for many veterans' spouses, the Court

---

[1] We apply the current version of the statute in this case because the Supreme Court has implied that, in the context of a domestic relations case, the 2003 amendments to ORS 19.415(3), *see* Or Laws 2003, ch 576, §§ 88, 90a, did not affect the court's *de novo* standard of review. *See Kunze and Kunze*, 337 Or 122, 124, 92 P3d 100 (2004) (applying 2003 amendments).

wrote, "Congress may well decide, as it has in the Civil Service and Foreign Service contexts, that more protection should be afforded a former spouse of a retired service member. This decision, however, is for Congress alone." *Id.* at 235-36.

USFSPA was Congress's response. That statute allows state courts to "treat disposable retired pay * * * either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court." 10 USC § 1408(c)(1) (1994). "Disposable retired pay" is defined as "the total monthly retired pay to which a member is entitled" minus those amounts "deducted from the retired pay of such member * * * as a result of a waiver of retired pay required by law in order to receive compensation under * * * title 38 [establishing disability benefits]." 10 USC § 1408(a)(4)(B). The waiver referred to is established by 10 USC section 3105; a veteran who qualifies for retirement pay but who wants to receive disability pay under title 38 as well must, in order to prevent "double dipping * * * waive[ ] a corresponding amount of his military retirement pay." *Mansell*, 490 US at 583.

Thus, for example, if a retiree is receiving $1,500 in retirement pay and is also eligible for $500 of disability benefits, the retiree can waive $500 of retirement pay and receive the $500 as disability benefits instead. *Id.* at 583 n 1. Only the remaining $1,000 of retirement pay is divisible in a dissolution. Because disability benefits are not subject to state or federal taxation, 38 USC section 3101(a) (1994), substitution is an attractive option.

In *Mansell*, the husband effected such a waiver and substitution before divorce. The court awarded the wife 50 percent of his benefits, including the portion that was originally retirement pay but had been waived in order to receive disability benefits. The husband subsequently sought modification of the dissolution judgment based on the restrictions set forth in section 1408. Despite the potential adverse consequences for military spouses, the Court held that the state court could not treat "military retirement pay waived by the retiree in order to receive veterans' disability benefits" as property divisible upon divorce. *Mansell*, 490 US at 583.

Thus, the husband both accrued a tax advantage for himself and reduced the amount of retirement pay available to his former wife.

Since *Mansell*, many courts have attempted to deal with this result by finding a distinction between division of disability benefits *per se*, which is not allowed, and taking the existence of the benefits into consideration when fashioning a just division of property, which is allowed. In a frequently cited case, *Clauson v. Clauson*, 831 P2d 1257, 1259 (Alaska 1992), the Alaska Supreme Court reasoned:

> "The *Mansell* holding clearly prohibits state courts from treating veterans' disability pay as divisible property upon divorce. However, the Supreme Court's interpretation of the USFSPA does not require our courts to entirely disregard this source of post-divorce income in effecting an equitable distribution of the parties' assets."

Even while walking this line, however, the court recognized it was a fine one:

> "We are aware of the risk that our holding today might lead trial courts to simply shift an amount of property equivalent to the waived retirement pay from the military spouse's side of the ledger to the other spouse's side. This is unacceptable. In arriving at an equitable distribution of marital assets, courts should only consider a party's military disability benefits as they affect the financial circumstances of both parties. Disability benefits should not, either in form or substance, be treated as marital property subject to division upon the dissolution of marriage."

*Id.* at 1264. A few courts have concluded that the line is not fine at all, but nonexistent—a fiction. Thus, in *Ex parte Billeck*, 777 So 2d 105, 109 (Ala 2000), the Alabama Supreme Court held,

> "When a trial court makes an alimony award based upon its consideration of the amount of veteran's disability benefits, the trial court essentially is awarding the wife a portion of those veteran's disability benefits; and in doing so the trial court is violating federal law [as construed in *Mansell*]."

No court has confronted a situation similar to the one in the present case, that is, a concealed, predissolution, lump sum

payment of disability benefits that was apparently commingled with husband's other liquid assets.

The trial court concluded that, in such a situation, the benefits are divisible under the *Clauson* rationale. There is much force to the argument that, like marital property that one spouse brings into a marriage, a predissolution lump sum payment that has not been kept segregated is generally a divisible asset. *See Kunze and Kunze*, 337 Or 122, 142, 92 P3d 100 (2004) (discussing effect of commingling). However, we conclude that the benefits are divisible for a more fundamental reason. USFSPA does not preempt the application of Oregon domestic relations law in this case because there is no conflict.

■    In a field of law such as domestic relations that is traditionally the exclusive preserve of the states, preemption will not occur unless there is "evidence that it is 'positively required by direct enactment.'" *Hisquierdo v. Hisquierdo*, 439 US 572, 581, 99 S Ct 802, 59 L Ed 2d 1 (1979) (quoting *Wetmore v. Markoe*, 196 US 68, 77, 25 S Ct 172, 49 L Ed 390 (1904)). Both the statute and *Mansell* deal with a state court's authority to divide that portion of a veteran's *retirement* benefits that have been waived and replaced with *disability* benefits. The statute allows division of "disposable *retired* pay" but excepts the amount "deducted from the *retired* pay" as a result of substituting disability pay for it. 10 USC § 1408(a)(4)(B), (c) (emphasis added). *Mansell* holds that USFSPA "does not grant state courts the power to treat as property divisible upon divorce military *retirement* pay that has been waived to receive veterans' disability benefits." 490 US at 594-95 (emphasis added).

■    Thus, the only disability benefits that the statute protects from division are disability benefits that substitute for waived retirement pay. Husband, according to his affidavit, did not serve in the military long enough to receive retirement pay. Like many veterans who receive disability benefits, his are neither directly nor indirectly "retirement pay." They fall outside of USFSPA's protective scope.

Affirmed.