Submitted December 5, 2008, judgment modified to award wife indefinite spousal support of $1,400 per month; otherwise affirmed August 5, 2009

In the Matter of the Marriage of

Paula F. MORALES,
*Petitioner-Appellant,*

*and*

Leobardo MORALES,
*Respondent-Respondent.*

Marion County Circuit Court
05C31127; A134242

214 P3d 81

Paula F. Morales filed the brief *pro se*.

J. Michael Alexander and Swanson, Lathen, Alexander, McCann & Prestwich, PC, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

ARMSTRONG, J.

## ARMSTRONG, J.

Wife appeals a general judgment in a marriage dissolution case and challenges the property division and the spousal support and attorney fee awards. We write to address only wife's assignment of error on spousal support, in which she argues that the trial court erred in awarding her $500 per month in indefinite support. We agree with wife's argument on spousal support, and, accordingly, modify the spousal support award in the judgment but otherwise affirm.

We review the facts *de novo*, ORS 19.415(3) (2007),[1] and limit our discussion to those facts relevant to the award of spousal support. Husband and wife married when husband was 22 years old and wife was 17 years old; they remained married for more than 35 years. For 20 of those years, husband served in the U.S. Army, during which time he was absent from the family home for six to nine months at a time. In the meantime, wife raised the couple's five children, one of whom was still a minor at the time of the proceedings, and maintained the family home. She did not work outside the home during the marriage.

Husband retired from the Army in 1992 with symptoms of post-traumatic stress disorder (PTSD). Wife testified that, at that time, the Department of Veterans Affairs (VA) concluded that husband's illness was 30 to 40 percent disabling. Husband began receiving disability benefits that year. He nevertheless remained able to work and held a job with the U.S. Postal Service for approximately seven years. However, his mental health continued to deteriorate. Wife testified that husband "snapped" in 2000, and, in 2003, the VA reevaluated husband and determined that his illness, which at that point was 100 percent disabling. Wife testified that, after he was unable to continue working, husband "became very mentally abusive," culminating in a domestic conflict in December 2004, after which wife obtained a restraining order against husband and the parties separated. Wife filed a marriage dissolution petition in April 2005.

---

[1] ORS 19.415 was recently amended by Senate Bill (SB) 262 (2009). Or Laws 2009, ch 231, §§ 2-3. The amendments apply to appeals in which the notice of appeal was filed on or after June 4, 2009. Because the notice of appeal in this case was filed before that date, we apply the 2007 version of ORS 19.415.

The dissolution proceedings involved three hearings. At the time of the first hearing in June 2005 to set temporary spousal and child support, wife had no independent source of income and was receiving public assistance. The court awarded wife temporary spousal support of $2,000 per month, which covered family expenses such as the mortgage, utilities, and other bills. However, the court imputed to wife a gross monthly income of $1,256—the equivalent of a full-time minimum wage income—and advised her to obtain a job.

The court held a second hearing in May 2006 to determine the property division and the permanent spousal and child support awards. As to spousal support, wife sought $2,000 per month; husband asked that support be limited to $500 per month. Husband's income included $3,210 in non-taxable disability payments;[2] $1,034 in taxable postal service retirement benefits; and $1,250 in taxable military retirement benefits, for a total gross monthly income of $5,494 and a total, after tax and payments for his minor child's health insurance, of approximately $5,200. At that time, husband was living with the parties' oldest son and his family.

Wife still lived in the family home with daughter, the parties' youngest child, who was then a freshman in high school. Between the first hearing in June 2005 and the second hearing in May 2006, wife sought, but was unable to secure, full-time employment; however, in that time, she had obtained her GED, had completed courses with H&R Block to become a licensed tax preparer, and had briefly worked as a part-time receptionist for H&R Block.

At the end of that hearing, the trial court did not have all of the exhibits that it needed to reach a final disposition. Instead, it resolved some of the property division issues, including that wife would have the right to occupy the family home with daughter until daughter's high school graduation, at which point the property was to be sold. Additionally, it ordered the sale of some of the other marital real

---

[2] That total included $2,393 in basic compensation; $584 for in-home care; $135 as a spouse benefit, which terminated on dissolution of the parties' marriage; and $98 as a dependent child benefit, which will terminate when the parties' minor child is 18 years old.

and personal property. The trial court further announced that it was holding the record open for the receipt of additional exhibits, including a missing tax return and, at husband's counsel's request, husband's VA waiver form that established that he had waived some of his military retirement benefits in order to receive disability benefits.[3]

At the third hearing in August 2006, the trial court resolved final matters regarding the sale of some of the property and the parties' debts. All of the outstanding documents were received, except husband's VA waiver. Husband's counsel told the court that she had been unable to obtain a copy of the waiver and explained that it was relevant because

"there is case law indicating that the—if the recipient of the VA benefits ha[s] signed a form agreeing to receiv[e] VA benefits in lieu of some or all of their federal retirement, then the VA benefits are not divisible by the divorce court."

The trial court held the record open for 10 additional days to receive that evidence.

In a letter opinion, the trial court stated that it had received the post-hearing exhibits and that "they have now been made part of the record." The court also said that it was awarding wife spousal support of $1,000 per month for one year, $800 per month for two years, and $500 per month indefinitely. In its general judgment, the court explained that it attributed $1,299 per month in income to wife, based on full-time work at the then-current minimum wage. It also explained that, "based on the duration of the parties' marriage and the fact that Husband's retirement annuity income is currently higher than Wife's potential income," wife was entitled to indefinite support of $500 per month under ORS 107.105(1)(d)(C). The court further noted that the amounts over $500 that it awarded for the first three years were temporary to "subsidize Wife as she moves into the work force." Finally, it also explained that husband's waiver of "military retired pay in the amount of his VA compensation" meant

---

[3] When asked by the court what the waiver form would "tell [it] about the financial affairs" of the parties, counsel explained that, "when a retired military person begins to receive VA disability benefits, they waive—they begin to receive disability in lieu of some of their retirement[, s]o that they're not double-dipping."

that "the court cannot divide as property Husband's VA disability benefits."

Wife appeals. She argues that the award to her of indefinite support of $500 per month is inequitable and should be increased to $1,500. Husband responds that the trial court's award is appropriate based on husband's nondisability retirement income of approximately $2,284 per month. He argues that the trial court used that amount in setting the spousal support award, thereby excluding from the income calculation the $3,210 per month that husband was receiving in nontaxable disability benefits, and that it was proper for the court to do that. He invokes for support *Mansell v. Mansell*, 490 US 581, 594-95, 109 S Ct 2023, 104 L Ed 2d 675 (1989), in which the United States Supreme Court concluded that, under federal law, state courts cannot divide military disability benefits as marital property in marriage dissolution proceedings. Husband further argues that, in any event, wife did not adequately preserve that issue at trial for appeal.

■ As an initial matter, preservation is not a problem here. *See* ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claimed error was preserved in the lower court and is assigned as error in the opening brief in accordance with this rule, provided that the appellate court may consider an error of law apparent on the face of the record."). In her brief, wife assigns error to the trial court's award of $500 per month in spousal support and seeks a modification to $1,500 per month; that is generally consistent with her arguments below, in which she sought $2,000 per month in support based on husband's income of over $5,000 per month. Hence, wife's argument is adequately preserved, and we may consider whether the spousal support award is equitable.

Husband argues that wife needed to preserve the issue of whether the trial court should have considered husband's disability benefits as part of husband's income for purposes of setting spousal support. We disagree. In the few instances in which husband discussed with the trial court the relevance of the VA waiver, he explained that the disability benefits were not divisible. Further, the general judgment

similarly states that "the court cannot *divide as property* Husband's VA disability benefits." (Emphasis added.) On this record, we understand that issue, as husband presented it to the trial court, to be solely related to the property division, not spousal support. At no time did either party present to the court the proposition that it should or must omit husband's disability benefits from its consideration in setting spousal support; further, nothing in the record establishes that the court actually omitted husband's monthly VA disability benefits from its consideration in awarding spousal support.

Moreover, to the extent that the trial court *did* omit husband's VA disability benefits from husband's income for purposes of setting spousal support, the court erred. Oregon law defines "income" for purposes of support payments, as, among other things, "any program or contract to provide substitute wages during times of unemployment or disability." ORS 25.010(7)(f); *see also* OAR 137-050-0340 (for purposes of support, "gross income includes income from *any* source including, but not limited to * * * disability insurance benefits" (emphasis added)). Accordingly, we have considered veterans' disability benefits in awarding spousal support, even where the recipient has waived military retirement pay to receive those benefits. *See, e.g., Murphy and Murphy*, 151 Or App 649, 654, 950 P2d 377 (1997) (considering as income husband's disability benefits resulting from his waiver of his military pension); *see also Weakley and Weakley*, 177 Or App 363, 365, 33 P3d 1045 (2001) (including husband's veterans' disability benefits as income for purposes of awarding spousal support).

Husband argues that federal law, as interpreted by the Court in *Mansell*, precludes us from considering his disability benefits as income for purposes of awarding spousal support. Again, we disagree. As we recently observed, "[t]he 'federal question' in * * * *Mansell* was a narrow one: Whether federal law preempts the application of *state community property laws* to military [retirement] pay." *Hayes and Hayes*, 228 Or App 555, 565, 208 P3d 1046 (2009) (emphasis added). In other words, *Mansell* limits a state court's ability to treat military retirement pay that a retiree has waived in

order to receive veterans' disability benefits as *property* that can be divided on the dissolution of a marriage. *Landis and Landis*, 200 Or App 107, 110, 113 P3d 456 (2005).

Although Oregon courts have not expressly addressed whether the Court's holding in *Mansell* extends to bar a court from considering VA disability benefits received in lieu of military retirement benefits for purposes of awarding spousal support, nearly every state court that has addressed that question has concluded that *Mansell* affects property division, *not* spousal support. Hence, those courts have concluded that federal law does not prevent a court from considering a party's VA disability benefits as a source of income for purposes of awarding spousal support. *See, e.g., Murphy v. Murphy*, 302 Ark 157, 159, 787 SW2d 684, 685 (1990) (stating that nothing in federal law relieved former husband, whose income consisted of VA disability payments, from paying spousal support); *Riley v. Riley*, 82 Md App 400, 410, 571 A2d 1261, 1266 (1990) (VA benefits may be considered as resource for purposes of setting alimony award); *Steiner v. Steiner*, 788 So 2d 771, 778 (Miss 2001) (same); *Holmes v. Holmes*, 7 Va App 472, 485, 375 SE2d 387, 395 (1988) (same); *Weberg v. Weberg*, 158 Wis 2d 540, 544-45, 463 NW2d 382, 384 (Ct App 1990) (same); *see also Clauson v. Clauson*, 831 P2d 1257, 1263 n 9 (Alaska 1992) (stating in *dicta* that a "state court is clearly free to consider post-divorce disability income and order a disabled veteran to pay spousal support even where disability benefits will be used to make such payments"); *Davis v. Davis*, 777 SW2d 230, 232 (Ky 1989) (noting that, although VA disability benefits were not divisible as property, courts could resolve an inequitable property division with a spousal support award); *but see Ex parte Billeck*, 777 So 2d 105, 109 (Ala 2000) (holding that federal law precludes courts from considering VA disability payments in awarding alimony).

■        Based on our reading of *Mansell*—and our analyses of it in *Hayes* and *Landis*—we conclude that *Mansell*'s holding is limited and precludes courts only from treating VA disability benefits that a veteran receives in lieu of retirement pay as property subject to division. Consistently with that conclusion and our past treatment of such benefits in *Murphy*

*and Murphy* and in *Weakley,* we furthermore agree with the overwhelming majority of courts that VA disability payments may be considered as income in awarding spousal support.

■■ With that legal context in mind, we review the trial court's award of spousal support. When determining the appropriate amount of spousal support, the touchstone concern is setting an amount that is "just and equitable," ORS 107.105(1)(d), under the totality of circumstances, *Albrich and Albrich,* 162 Or App 30, 37, 987 P2d 542 (1999). In doing so, we consider, among other factors, the duration of the marriage; the parties' age and physical health; each party's relative income and earning capacity; each party's training, employment skills, and work experience; the financial needs and resources of each party; and the standard of living established during the marriage. ORS 107.105(1)(d); *Murphy and Murphy,* 151 Or App at 653.

■ Here, the parties were married for 35 years, and wife was 53 years old at the time of trial. From age 17 on, she was absent from the job market while raising the couple's five children while husband was, months at a time, away serving in the military over his 20-year career, and later when he retired from the military and worked for the postal service. Over the course of the marriage, wife managed the household and family finances, including husband's finances in later years as his mental health deteriorated. Since filing her dissolution petition, wife has taken steps to become employed, such as obtaining her GED and taking other courses to improve her employment prospects, but has been unable to find work. Her monthly income, were she to find a full-time job at minimum wage, would be $1,299. She has custody of the couple's minor daughter and occupies and pays the mortgage on the family home, which the court ordered to be sold upon daughter's high school graduation.

Husband's monthly income at the time of trial was $3,210 in nontaxable disability benefits and $2,284 in taxable retirement benefits, for a total gross monthly income of $5,494. The amount husband receives in disability benefits includes $584 for in-home care and a $98 dependent child benefit. Further, as of the dissolution, that amount will have decreased by $135 per month to reflect the loss of the spouse

benefit. Husband's mental illness prevents him from obtaining employment. His monthly expenses at the time of trial included payments of $483 per month for child support and $235 per month for health insurance for daughter. He lives with his son and his son's family, who provide for his care.

In light of all the evidence, we conclude that the trial court's award to wife of $500 per month in indefinite support was inequitable. We conclude that a monthly award to wife of $1,400 in indefinite spousal support is just and equitable under the circumstances. In modifying the judgment, we do not disturb the trial court's judgment to the extent that it awarded transitional support to wife of an additional $500 per month for one year and $300 per month for two years to supplement wife's efforts to join the workforce.

Judgment modified to award wife indefinite spousal support of $1,400 per month; otherwise affirmed.