249 P.3d 1287 (2011)
241 Or. App. 293
In the Matter of the MARRIAGE OF Donald Alan GAGLIARDI, Petitioner-Appellant, and
Lawanda Johnette Gagliardi, Respondent-Respondent.
DR09040194; A145284.
Court of Appeals of Oregon.
Submitted January 7, 2011.
Decided March 2, 2011.
Donald Gagliardi filed the brief pro se.
No appearance for Lawanda Johnette Gagliardi.
Before SCHUMAN, Presiding Judge, and WOLLHEIM, Judge, and NAKAMOTO, Judge.
SCHUMAN, P.J.
Husband appeals from a judgment dissolving the parties' 15-year marriage, assigning error to the trial court's division of property and to the award of child support. We affirm.
We first address husband's contentions as to the property division. He advances arguments regarding the court's treatment of an automobile and of his disability benefits. Regarding the automobile, the general judgment of dissolution provides:
"Each party is awarded the personal property currently in their possession free and clear of any right, title or interest of the other party. Specifically, [husband] is awarded the 2001 Dodge Ram pickup and the Court orders that the 2006 Hummer be transferred out of Quickset Corporation, Inc. and awarded to [wife] as a result of the Court's determination that the 2006 Hummer was primarily used as a family vehicle with it consequently being a marital asset subject to division and transfer by order out of the corporation."
Husband contends that the trial court lacked authority to award wife the Hummer, because *1288 husband is only a 20 percent shareholder in Quickset Corporation, which holds title to the vehicle. However, the record shows that husband accepted an offer of settlement by wife that included awarding her the Hummer and that the trial court would have to order "the transfer [of the Hummer] from the corporation due to primarily family use." Husband may not now challenge the authority of the court to award the Hummer to wife.
Husband is a disabled veteran and has been receiving monthly disability benefits for several years. In November 2009, the Department of Veterans Affairs determined that husband was entitled to a lump sum payment of approximately $29,000, as an adjustment for previous underpayments. Wife asserted that the lump sum payment is a marital asset subject to division, and requested half of the lump sum payment. She relied on ORS 107.105 and Landis and Landis, 200 Or.App. 107, 113 P.3d 456 (2005) (lump sum payment of veteran's disability benefits concealed and comingled with other liquid assets was subject to division as a marital asset). The trial court agreed and divided the award equally between the parties. On appeal, husband argues, first, that combat disability benefits are not subject to division as a marital asset, and second, thatin light of his disabilityit was just and proper that he receive that entire award. The first argument, however, was not made below. With respect to his second argument, husband has provided no reason why we should exercise our discretion under ORS 19.415(3) to review the facts de novo concerning the trial court's determination that it was just and proper to award wife an equalizing judgment for half of the lump sum disability payment. Deferring to the court's implicit and explicit findings of fact, we conclude that the trial court did not err in its award of an equalizing judgment based on an equal share of husband's lump sum disability benefit.
Finally, husband contends that the trial court erred in awarding a portion of the child support out of husband's lump sum disability payment. The evidence at trial showed that husband's monthly disability income had increased by approximately $328, resulting in an increase in husband's future monthly child support obligation of approximately $32. Wife requested that the trial court award that increase as a lump sum equalizing judgment of $2,688, to be paid out of the military disability lump sum payment. The general judgment in fact states that the equalizing judgment to wife "includes $2,688 of child support as a result of the Court taking into consideration that [husband's] post-divorce monthly VA payment will actually be $3,102.00 instead of $2,774.00[.]" Husband now asserts that the trial court lacked authority to award the additional child support as a lump sum out of the lump sum disability payment, because such benefits cannot be used for child support. Once again, husband's argument was not presented to the trial court and therefore is not preserved.
Affirmed.