136 February 22, 2024 No. 122

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROSA IDALIA VASQUEZ,
*Defendant-Appellant.*

Washington County Circuit Court
18CR77601; A178230

Ricardo J. Menchaca, Judge.

Submitted January 25, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kristin A. Carveth, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Emily N. Snook, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Defendant appeals a judgment of conviction for one count of unlawful use of a weapon, ORS 166.220, and one count of menacing constituting domestic violence, ORS 163.190, raising two assignments of error. In her first assignment of error, defendant argues that the trial court plainly erred in admitting an English translation of the victim's 9-1-1 call, which was in Spanish, under OEC 801(4)(a)(D), because the victim's statement occurred before June 2019, the effective date of that hearsay exclusion. In her second assignment of error, defendant argues that the trial court erred in admitting the translation under OEC 403, because the translation's probative value was outweighed by the risk of misleading the jury. For the reasons below, we affirm defendant's convictions.

The parties agree that our review of defendant's first assignment of error should be for plain error. Even if the trial court plainly erred, however, under the circumstances of this case, the ends of justice do not require us to exercise our discretion to correct that error, because it is unlikely to have affected the verdict. *State v. Peckron*, 330 Or App 284, 287, ___ P3d ___ (2024) (ends of justice do not require that we exercise our discretion to correct an error when the error was unlikely to have affected the verdict).

Regarding defendant's second assignment of error, we have reviewed the record and conclude that the trial court did not abuse its discretion in admitting the translation under OEC 403. That is, the trial court properly considered whether the translation's probative value was substantially outweighed by the danger of misleading the jury. *See State v. Sewell*, 257 Or App 462, 465, 469, 307 P3d 464, *rev den*, 354 Or 389 (2013) (explaining that "[w]e review a trial court's decision to admit or exclude evidence under OEC 403 for an abuse of discretion[;]" and that a trial court abuses its discretion if it "fails to make a record which reflects an exercise of discretion" (internal citations omitted)); *see also State v. Mayfield*, 302 Or 631, 645, 733 P2d 438 (1987) (outlining analysis that a trial court should undertake in exercising its discretion to determine whether challenged evidence is admissible under OEC 403); *State v. Borck*, 230 Or App

619, 638, 216 P3d 915 (2009), *rev den*, 348 Or 291 (2010) (A trial court properly exercises its discretion when "the totality of the attendant circumstances indicate that the court did engage in the conscious process of balancing the costs of the evidence against its benefits that *Mayfield* requires." (Internal citations omitted.)).

Consequently, we affirm defendant's convictions.

Affirmed.